IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JONATHON C. BUCKLEY,<br><br>               Petitioner,<br><br>vs.<br><br>ROB JEFFREYS,<br><br>               Respondent. | **8:25CV593**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on preliminary review of Petitioner Jonathon C. Buckley's ("Petitioner" or "Buckley") Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254 and filed on October 1, 2025. In his petition, Petitioner states he was convicted pursuant to a no contest plea of four counts of kidnapping and one count of use of a firearm to commit a felony and was sentenced on August 16, 2010, by the District Court of Buffalo County, Nebraska, to 80 to 130 years in prison. Filing No. 1 at 1. Petitioner alleges he appealed and, on April 19, 2011, the Nebraska Court of Appeals remanded the appeal with directions. Id. at 2.

The Court's research reveals that the Nebraska Court of Appeals entered an unpublished memorandum opinion on April 19, 2011, finding that, because the extent of Petitioner's knowledge of the penal consequences of his plea was in dispute and could not be clearly determined from the record without indulging in inferences, a remand to the district court was required pursuant to State v. Curnyn, 274 N.W.2d 160 (Neb. 1979), and "if Buckley fails to file a motion to withdraw his plea within 10 days, his sentence will stand and be 'carried into execution.'" State v. Buckley, No. A-10-910, 2011 WL 1522529, at *3–4 (Neb. Ct. App. Apr. 19, 2011). The Nebraska Court of Appeals also addressed

Petitioner's remaining assignments of error, rejecting his two claims regarding his sentences and four of his ineffective assistance of counsel claims on the merits and finding the record was insufficient to review his remaining ineffective assistance of counsel claims. Id. at *4–11.

A search of Petitioner's state court records, available to this Court online, shows that, on remand, Petitioner filed a motion to withdraw his pleas through counsel and eventually was granted leave to withdraw that motion on September 27, 2011.[1] Petitioner's state court records also show he did not file a motion for postconviction relief. Rather, as he alleges in his petition, Petitioner filed a state petition for a writ of habeas corpus in the District Court of Johnson County, Nebraska, on March 3, 2025, which was denied and dismissed on that same date. Filing No. 1 at 3–4, 9–11. Petitioner appealed the denial of his habeas corpus petition, and the Nebraska Court of Appeals summarily affirmed the state district court's order on July 21, 2025. Id. at 8, 12.

It appears from the face of the petition that Petitioner's claims may be barred by the statute of limitations because the petition was filed more than one year after Petitioner's judgment became final. See 28 U.S.C. § 2244(d)(1). However, in order to ensure a just and fair resolution of this matter, the Court will enter an order progressing this case to final resolution.

---

[1] This Court has been afforded access to the computerized record keeping system (JUSTICE) for the Nebraska state courts. The Court takes judicial notice of the state court records related to this case in State v. Jonathon C Buckley, No. CR10-56, District Court of Buffalo County, Nebraska. See Stutzka v. McCarville, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

IT IS THEREFORE ORDERED that:

1. By **March 6, 2026**, Respondent must file a motion for summary judgment or state court records in support of an answer. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **March 6, 2026**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

2. If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

   A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

   B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

   C. Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested

3

and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the Court.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F. If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. *See* the following paragraph. The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

3. If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

A. By **March 6, 2026**, Respondent must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District*

      *Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B.   No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C.   Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the Court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D.    No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the Court.

    E.    No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

    F.    The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **April 6, 2026**: check for Respondent's answer and separate brief.

4.    No discovery shall be undertaken without leave of the Court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Dated this 20th day of January, 2026.

                      BY THE COURT:

                        Joseph F. Bataillon
                        Senior United States District Judge